**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 5:07CV-P105-R**

**RONNIE ZAMORA**                                                                                          **PLAINTIFF**

**v.**

**BECKY PANCAKE** *et al.*                                                                               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Also before the Court are Plaintiff's motion for appointment of counsel (DN 6) and motion to hold in abeyance pending appointment of counsel (DN 5). For the reasons set forth below, the Court will dismiss Plaintiff's official capacity claims, his individual capacity claims against Defendant Pancake, and his injunctive relief claims, but will allow his Eighth Amendment claim against Defendant Hiland to proceed past initial screening for further development. The Court will deny Plaintiff's motion for appointment of counsel. In light of the Court's decision to deny appointed counsel, the Court will direct Plaintiff to notify the Court within 30 days whether he wishes to proceed *pro se* with this action. Should Plaintiff desire to proceed *pro se*, the Court will direct service of the complaint on the remaining Defendant.

### I. Summary of Claims

Plaintiff, Ronnie Zamora, an inmate currently incarcerated at Kentucky State Reformatory ("KSR"), has sued Becky Pancake and Dr. Steve Hiland, employees of the Western Kentucky Correctional Complex ("WKCC"), in both their individual and official capacities. According to Plaintiff, while he was incarcerated at WKCC, he slipped and fell while getting out of the shower injuring his neck. Plaintiff states that the next day he went to sick call and was told by Dr. Hiland

that there was nothing wrong with him even though he complained of severe neck pain. Plaintiff alleges that for five and a half months he was in pain and requesting to receive medical treatment for his neck. Plaintiff alleges that his requests were ignored. Finally, Plaintiff alleges that he was sent for X-rays, which confirmed several areas of injury to his neck. Thereafter, Plaintiff was transferred to KSR where he is currently incarcerated. Plaintiff is seeking $500,000 in compensatory damages, $500,000 in punitive damages, and an order requiring Defendants to provide Plaintiff with "corrective surgery."

## II. Standard of Review

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*,

454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. Analysis

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988).

**A. Official capacity money damages claims**

The official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will,* 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official capacity claims for damages against both Defendants must be dismissed.

**B. Injunctive relief claims**

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Here, Plaintiff is seeking injunctive relief against two employees of the WKCC. However, Plaintiff is no longer incarcerated at that institution. It is clear that Plaintiff would derive no benefit from granting the requested relief. Since Plaintiff is no longer being held at the WKCC, an order requiring that facility to provide Plaintiff with treatment would do him no good.[1]

**C. Individual Capacity Claims against Warden Pancake**

The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Supervisory responsibility alone fails to state a claim of relief under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

The complaint contains no allegations of fact that specifically address Defendant Pancake. It

---

[1] This is not to say that Plaintiff must be left to suffer. If Plaintiff feels that he is being denied medical treatment at his current place of incarceration, he can seek to amend his complaint to add claims against officials at that institution or file a new action after exhaustion of his administrative remedies. Moreover, Plaintiff's claims for monetary damages against Defendants in their individual capacities are unaffected by Plaintiff's transfer.

simply lists her has a defendant. Absent allegations of her personal involvement in the incident about which Plaintiff complains, the complaint fails to state an individual capacity claim against Defendant Pancake. As such, Plaintiff's individual capacity claim against Defendant Pancake will be dismissed.

### D. Individual capacity claims against Defendant Hiland

Plaintiff alleges that Defendant Hiland ignored his requests for medical treatment for some five and a half months leaving him in pain. To sustain a cause of action under § 1983 for failure to provide medical treatment, a plaintiff must demonstrate that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Construing Plaintiff's allegations in a light most favorable to Plaintiff, the Court cannot say as a matter of law that Plaintiff has failed to state a claim against Defendant Hiland. As such, the Court will allow this claim to proceed.

## IV. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel. Prisoners do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the Court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of Plaintiff to represent himself. *Id.* At this preliminary stage of the proceedings, the Court does not find that the complexity of the legal issues in this case necessitates the appointment of counsel. Should exceptional circumstances arise in the future, Plaintiff is free to renew his motion for appointment of counsel.

## V. Motion to Hold Case in Abeyance

Plaintiff requests an abeyance on the ground that he lacks appointed counsel, cannot contact

5

witnesses, and cannot proceed without an attorney. In light of the Court's decision to deny appointed counsel, it appears that Plaintiff may not wish to proceed with this action. The Court will not stay this action for an indefinite period of time. However, should Plaintiff desire not to continue with this action in the absence of an attorney, he is reminded that he may voluntarily dismiss it prior to service of the complaint. *See* Fed. R. Civ. 41(a).

Consistent with this Memorandum Opinion, the Court will enter an Order dismissing Plaintiff's official capacity and injunctive relief claims against both Defendants and his individual capacity claim against Defendant Pancake. The Court will enter a separate order denying Plaintiff's motion for appointment of counsel and motion for abeyance, and ordering Plaintiff to notify the Court within 30 days whether he wishes to continue with this action without representation/*pro se*. In the event that Plaintiff elects to proceed *pro se*, the Court will enter a scheduling order to govern the development of Plaintiff's medical treatment claim against Defendant Hiland in his individual capacity. The Court cautions Plaintiff, however, that allowing this claim to proceed is no indication that he will ultimately prevail.

Date:

cc:     Plaintiff, *pro se*
        Defendants

4413.008