# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:07-CV-00105-R

**RONNIE ZAMORA**                                                                       **PLAINTIFF**

v.

**STEVE HILAND**                                                                        **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court upon Defendant's Motion For Summary Judgment (DN 55). Plaintiff petitioned for and received two extensions to respond to this motion totaling ninety days. (DN 62; DN 64). Plaintiff has still not responded. This motion is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff Ronnie Zamora comes before the court under 42 U.S.C. § 1983. At the time the suit was originally filed, Zamora was a prisoner at the Kentucky State Reformatory in LaGrange, Kentucky. Zamora alleges that while he was imprisoned, he injured his neck when he slipped and fell in the reformatory's shower room. His complaint indicates that he did not follow either the Federal or the Kentucky specific procedures for inmate grievances. DN 1 at 3-5. In this action, Zamora seeks redress for injuries related to this fall and for the negligent medical care he allegedly received.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

1

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

As stated above, the time has passed for Zamora to respond to Defendant's Motion for Summary Judgment. Since the law requires that Zamora present more than a mere scintilla of evidence in support of his position and he has failed to do so, this Court must grant the Defendant's Motion for Summary Judgment. *See Hartsel*, 87 F.3d at 799. Notwithstanding his failure to reply, this Court believes that the facts in the complaint do not present an issue of material fact upon which a reasonable jury could find for Zamora.

The Prison Litigation Reform Act ("PLRA") set forth specific and comprehensive requirements mandating that inmates exhaust their administrative remedies before proceeding in federal court. Statute requires that "prisoners must exhaust their administrative remedies before challenging prison conditions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing 42 U.S.C. § 1997e). "'Prison conditions' under [the PLRA] include individual instances of medical mis- or non-treatment . . . ." *Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 512 (1st Cir. 2006). Exhaustion is mandatory and "unexhausted claims cannot be brought in court." *Grinter,* 532 F.3d at 577 (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

The record is clear that Zamora did not exhaust his administrative remedies before filing this suit. The Grievance Coordinator at the penal institution where Zamora was housed has affirmed that Zamora never filed an appropriate complaint with prison officials. DN 55-12. Zamora's own complaint further indicates that he failed to follow the administrative procedures because he did not understand the process. DN 1 at 3-5. As such, the Court may not hear his claims.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendant's Motion for Summary Judgement is GRANTED.

An appropriate order shall issue.